UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. 8:22-cv-01361 JVS (KESx) | Date January 19, 2023 |
| Title Robert P. Mosier v. Matthew Alan Shelton | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Default Judgment [24,27]

Plaintiff Robert Mosier ("Mosier") filed a motion for default judgment against Defendant Matthew Shelton ("Shelton"). (Dkt. No. 27.) However, the Court is unable to make a ruling on the papers before it. Although the application addresses the substantive requirements courts in the Ninth Circuit use, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), Mosier does not address the corresponding procedural requirements.

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

Because these procedural requirements have not been addressed, the Court cannot properly consider whether to grant or deny Mosier's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01361 JVS (KESx) | Date | January 19, 2023 |
| Title | Robert P. Mosier v. Matthew Alan Shelton | | |

      Accordingly, the Court **DENIES** the motion without prejudice.  The Court finds that oral argument would not be helpful in this matter and **VACATES** the January 30, 2023 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**